MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

JOHNNY FERNANDEZ and RESCALVO
MERCENARIO (A/K/A RICARDO),
*individually and on behalf of others similarly*
*situated,*

                              *Plaintiffs,*

              -against-

RAY AND FRANK LIQUOR STORE INC.
(D/B/A RAY AND FRANK'S LIQUOR
STORE) and RAYMOND FRIAS,

                              *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Johnny Fernandez and Rescalvo Mercenario (a/k/a Ricardo), individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Ray and Frank Liquor Store Inc. (d/b/a Ray and Frank's Liquor Store), ("Defendant Corporation") and Raymond Frias, ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

                    <u>**NATURE OF ACTION**</u>

1.      Plaintiffs are former employees of Defendants Ray and Frank Liquor Store Inc. (d/b/a Ray and Frank's Liquor Store) and Raymond Frias.

2.      Defendants owned, operated, or controlled a liquor store, located at 706 Ninth Avenue, New York, New York 10019 under the name "Ray and Frank's Liquor Store".

3.      Upon information and belief, individual Defendant Raymond Frias, serve or served as owner, supervisor, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the liquor store as a joint or unified enterprise.

4.      Plaintiffs were employed as assistants and supervisors at the liquor store located at 706 Ninth Avenue, New York, New York 10019.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a liquor store located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

13.    Plaintiff Johnny Fernandez ("Plaintiff Fernandez" or "Mr. Fernandez") is an adult individual residing in Queens County, New York.

14.    Plaintiff Fernandez was employed by Defendants at Ray & Frank's Liquor Store from approximately March 1, 2017 until on or about February 25, 2019.

15.    Plaintiff Rescalvo Mercenario ("Plaintiff Mercenario" or "Mr. Mercenario") is an adult individual residing in New York County, New York.

16.    Plaintiff Mercenario was employed by Defendants at Ray & Frank's Liquor Store from approximately 2003 until on or about May 2010, from approximately November 2010 until

on or about July 2014, and from approximately September 2016 until on or about February 26, 2019.

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a liquor store, located at 706 Ninth Avenue, New York, New York 10019 under the name "Ray and Frank's Liquor Store".

18.     Upon information and belief, Ray and Frank Liquor Store Inc. (d/b/a Ray and Frank's Liquor Store) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 706 Ninth Avenue, New York, New York 10019.

19.     Defendant Raymond Frias is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Raymond Frias is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Raymond Frias possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20.     Defendants operated a liquor store located in the Hell's Kitchen section of Manhattan in New York City.

21.     Individual Defendant, Raymond Frias, possessed operational control over Defendant Corporation, possessed ownership interests in Defendant Corporation, and controlled significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendant Raymond Frias operated Defendant Corporation as either an alter ego of himself and/or failed to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

28.     Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

29.     In each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the liquor store on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

31.     Plaintiffs are former employees of Defendants who were employed as assistants and a supervisor.

32.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Johnny Fernandez*

33.     Plaintiff Fernandez was employed by Defendants from approximately March 1, 2017 until on or about February 25, 2019.

34.     Defendants employed Plaintiff Fernandez as a supervisor.

35.     Plaintiff Fernandez regularly handled goods in interstate commerce, such as Scotch whisky and other types of liquors produced outside the State of New York.

36.     Plaintiff Fernandez's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Fernandez regularly worked in excess of 40 hours per week.

38.     From approximately March 2017 until on or about May 2017, Plaintiff Fernandez worked from approximately 3:00 p.m. until on or about 11:00 p.m., six days a week (typically 54 hours per week).

39.     From approximately June 2017 until on or about February 2019, Plaintiff Fernandez worked from approximately 11:00 a.m. until on or about 11:00 p.m., six days a week (typically 72 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Fernandez his wages in cash.

41.     From approximately March 2017 until on or about May 2017, Defendants paid Plaintiff Fernandez $8.00 per hour.

42.     From approximately June 2017 until on or about February 2019, Defendants paid Plaintiff Fernandez $10.83 per hour.

43. For approximately his last week of employment, Defendants did not pay Plaintiff Fernandez any wages for his work.

44. Plaintiff Fernandez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Fernandez regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not provide Plaintiff Fernandez an accurate statement of wages, as required by NYLL 195(3).

47. Defendants did not give any notice to Plaintiff Fernandez, in English and in Spanish (Plaintiff Fernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Rescalvo Mercenario (a/k/a Ricardo)*

48. Plaintiff Mercenario was employed by Defendants from approximately 2003 until on or about May 2010, from approximately November 2010 until on or about July 2014, and from approximately September 2016 until on or about February 26, 2019.

49. Defendants employed Plaintiff Mercenario as a general assistant.

50. Plaintiff Mercenario regularly handled goods in interstate commerce, such as Russian vodka and other types of liquors produced outside the State of New York.

51. Plaintiff Mercenario's work duties required neither discretion nor independent judgment.

52. Throughout his employment with Defendants, Plaintiff Mercenario regularly worked in excess of 40 hours per week.

53.     From approximately April 2013 until on or about July 2014 and from approximately September 2016 until on or about October 27, 2017, Plaintiff Mercenario worked from approximately 11:00 a.m. until on or about 11:00 p.m., six days a week (typically 72 hours per week).

54.     From approximately October 28, 2017 until on or about February 26, 2019, Plaintiff Mercenario worked from approximately 11:00 a.m. until on or about 11:00 p.m., five days a week and from approximately 12:00 p.m. until on or about 11:00 p.m., one day a week (typically 71 hours per week).

55.     Throughout his employment, Defendants paid Plaintiff Mercenario his wages in cash.

56.     From approximately March 2013 until on or about December 2013, Defendants paid Plaintiff Mercenario a fixed salary of $600 per week.

57.     From approximately January 2014 until on or about July 2014, Defendants paid Plaintiff Mercenario a fixed salary of $650 per week.

58.     From approximately September 2016 until on or about December 2017, Defendants paid Plaintiff Mercenario a fixed salary of $700 per week.

59.     From approximately December 2017 until on or about February 26, 2019, Defendants paid Plaintiff Mercenario a fixed salary of $900 per week.

60.     For his last day of work, Defendants did not pay Plaintiff Mercenario any wages for his work.

61.     Defendants never granted Plaintiff Mercenario any breaks or meal periods of any kind.

62.     Plaintiff Mercenario was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

63.     Defendants took improper and illegal deductions from Plaintiff Mercenario's wages; specifically, Defendants deducted approximately $100 from Plaintiff Mercenario's pay for allegedly damaging the store's camera.

64.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mercenario regarding overtime and wages under the FLSA and NYLL.

65.     Defendants did not provide Plaintiff Mercenario an accurate statement of wages, as required by NYLL 195(3).

66.     Defendants did not give any notice to Plaintiff Mercenario, in English and in Spanish (Plaintiff Mercenario's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

67.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

68.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

69.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

70.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

71.     Defendants paid Plaintiffs their wages in cash.

72.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

73.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

74.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

75.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

76.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

77.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

78.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

79.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

80.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

81.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

82.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

83.    Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

84.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

86.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

87.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

88.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

89.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

90.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

92.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

93.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

94.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

95.     Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

97.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

99.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

103.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

105.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

**OF THE NEW YORK LABOR LAW**

106.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

108.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

109.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

110.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

111.    Defendants made unlawful deductions from Plaintiffs' wages; specifically, Defendants deducted approximately $100 from Plaintiff Mercenario's pay for allegedly damaging the store's camera.

112.    The deductions made from Plaintiffs' wages were not authorized or required by law.

113.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting

New York State regulations.

114.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(l)      Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
   April 19, 2019

            MICHAEL FAILLACE & ASSOCIATES, P.C.

       By:   /s/ Michael Faillace
          Michael Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620
          *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

March 19, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Rescalvo Mercenario Trinidad

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    19 de Marzo 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 3, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Johnny Fernandez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:            x

Date / Fecha:                3 de Octubre

*Certified as a minority-owned business in the State of New York*