# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

gnaydenskiy@faillacelaw.com

**BY ECF**

March 5, 2020

**VIA ELECTRONIC MAIL**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

*[Handwritten note: Plaintiffs should submit a lodestar calculation supported by time records and attorney bios by March 16, 2020. So ordered. Jon G. Koeltl / U.S.D.J. 3/8/20]*

Re:   Fernandez et al v. Ray and Frank Liquor Store Inc. et al; 19-cv-03496-JGK

Your Honor:

This office represents Plaintiffs in the above referenced matter. Plaintiffs and Defendant Raymond Frias agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## BACKGROUND

Plaintiff's filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

*Certified as a minority-owned business in the State of New York*

Case 1:19-cv-03496-JGK   Document 21   Filed 03/10/20   Page 2 of 11
Case 1:19-cv-03496-JGK   Document 20   Filed 03/05/20   Page 2 of 11

Page 2

Plaintiffs allege they would be entitled to back wages of approximately $72,295.64 as their best case scenario. However, Defendant contends that he was not an employer for a period of employment alleged by Plaintiffs[1]. Thus, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle this action for the total sum of $60,000. A copy of Plaintiffs' best-case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Therefore, Plaintiffs believe the settlement is reasonable due to the risks of this litigation.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $20,425.33 which consists of 1) Costs of $638 subtracted from the $60,000 settlement amount and divided by three plus 2) Costs in the amount of $638 which represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees).

---

[1] Additionally, counsel is doubtful that Defendant can withstand a judgment of over $200,000.

Case 1:19-cv-03496-JGK Document 21 Filed 03/10/20 Page 3 of 11
Case 1:19-cv-03496-JGK Document 20 Filed 03/05/20 Page 3 of 11

Page 3

Courts have ruled that a one-third contingency fee plus costs is reasonable. *Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants.*, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted); *Alvarez v Sterling Portfolio Inv. L.P.*, 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]) (Deciding that a one-third attorney fee is typical with no requirement for a lodestar cross check). Accordingly, here, Plaintiffs' counsel respectfully requests Your Honor approve a one-third contingency fee plus costs.

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

                                              Respectfully Submitted,

                                              /s/ Gennadiy Naydenskiy

                                              Gennadiy Naydenskiy

Encls.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNNY FERNANDEZ and RESCALVO MERCENARIO (A/K/A RICARDO), *individually and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> -against- <br><br> RAY AND FRANK LIQUOR STORE INC. (D/B/A RAY AND FRANK'S LIQUOR STORE) and RAYMOND FRIAS, <br><br> *Defendants.* | 19-cv-03496-JGK <br><br> SETTLEMENT AGREEMENT AND RELEASE |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Johnny Fernandez and, Rescalvo a.k.a. Ricardo Mercenario ("Plaintiffs") on the one hand, Ray and Raymond Frias, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-03496-JGK (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Sixty Thousand Dollars and No Cents ($60,000.00) (the "Settlement Amount") to be paid to Plaintiffs' attorneys

1231196.1

in Twelve ("12") installments, as follows:

(a)     Installment One through Twelve:

| MICHAEL & ASSOCIATES, SETTLEMENT FOR DEFENDANTS AND ATTORNEYS' FEES AND COSTS | $5,000.00 by IRS Form 1099 |
|---|---|

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

Concurrently with the execution of this Agreement, Defendants Ray and Frank Liquor Store Inc. (d/b/a Ray and Frank's Liquor Store) and, Raymond Frias shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' hereby irrevocably and unconditionally release counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiffs' counsel's escrow account, or Defendants fail to deliver the payments to Plaintiffs' counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Roger Keith Marion, Esq., at 425 Park Avenue, New York, NY 10022. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.    <u>Release and Covenant Not To Sue</u>:    Plaintiffs hereby irrevocably and unconditionally release from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers in their respective capacity as such, any and all FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLL wage and hour liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5. **Acknowledgments:** Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. **Notices:** Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Roger Keith Marion
Marion & Allen, P.C.
488 Madison Avenue, Suite 1120
New York, NY 10022
Tel: (212)-485-9642
Email: rmarion@rogermarion.com

7. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. **Release Notification:** Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____   Date: 02-27-2020
   JOHNNY FERNANDEZ

By: _____   Date: 2/27/20
   RESCALVO A.K.A. RICARDO MERCENARIO

DEFENDANTS:

By: _____   Date: 3/5/20
   RAYMOND FRIAS

# EXHIBIT B

Privileged Settlement Communication                                                                                                                  Subject to Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | No. Weeks in Pay Period | Hours Per Week in Period | No. of BOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Johnny Fernandez | 3/1/2017 | 5/31/2017 | 13 | 54 | 0 | $ 8.00 | $ 12.00 | $ 11.00 | $ 16.50 | $ 671.00 | $ 432.00 | $ 239.00 | $ 3,107.00 | $ 3,107.00 |
|  | 6/1/2017 | 12/30/2017 | 30 | 72 | 6 | $ 10.83 | $ 16.25 | $ 11.00 | $ 16.50 | $ 968.00 | $ 779.76 | $ 188.24 | $ 5,647.20 | $ 5,647.20 |
|  | 12/31/2017 | 12/30/2018 | 52 | 72 | 6 | $ 10.83 | $ 16.25 | $ 13.00 | $ 19.50 | $ 1,144.00 | $ 779.76 | $ 364.24 | $ 18,940.48 | $ 18,940.48 |
|  | 12/31/2018 | 2/15/2019 | 7 | 72 | 6 | $ 10.83 | $ 16.25 | $ 15.00 | $ 22.50 | $ 1,320.00 | $ 779.76 | $ 540.24 | $ 3,781.68 | $ 3,781.68 |
|  |  |  |  |  |  |  |  |  |  |  |  |  | $ 31,476.36 | $ 31,476.36 |
| Rescalvo Mercenario (a/k/a Ricardo) | 4/1/2013 | 12/30/2013 | 39 | 72 | 6 | $ 8.33 | $ 12.50 | $ 7.25 | $ 10.88 | $ 733.33 | $ 600.00 | $ 133.33 | $ 5,200.00 | $ 5,200.00 |
|  | 12/31/2013 | 7/31/2014 | 30 | 72 | 6 | $ 9.03 | $ 13.54 | $ 8.00 | $ 12.00 | $ 794.44 | $ 650.00 | $ 144.44 | $ 4,333.33 | $ 4,333.33 |
|  | 9/1/2016 | 12/30/2016 | 17 | 72 | 6 | $ 9.72 | $ 14.58 | $ 9.00 | $ 13.50 | $ 855.56 | $ 700.00 | $ 155.56 | $ 2,644.44 | $ 2,644.44 |
|  | 12/31/2016 | 10/27/2017 | 43 | 72 | 6 | $ 9.72 | $ 14.58 | $ 11.00 | $ 16.50 | $ 968.00 | $ 700.00 | $ 268.00 | $ 11,524.00 | $ 11,524.00 |
|  | 10/28/2017 | 12/30/2017 | 9 | 71 | 6 | $ 9.86 | $ 14.79 | $ 11.00 | $ 16.50 | $ 951.50 | $ 700.00 | $ 251.50 | $ 2,263.50 | $ 2,263.50 |
|  | 12/31/2017 | 12/30/2018 | 52 | 71 | 6 | $ 12.68 | $ 19.01 | $ 13.00 | $ 19.50 | $ 1,124.50 | $ 900.00 | $ 224.50 | $ 11,674.00 | $ 11,674.00 |
|  | 12/31/2018 | 2/26/2019 | 8 | 71 | 6 | $ 12.68 | $ 19.01 | $ 15.00 | $ 22.50 | $ 1,297.50 | $ 900.00 | $ 397.50 | $ 3,180.00 | $ 3,180.00 |
|  |  |  |  |  |  |  |  |  |  |  |  |  | $ 40,819.28 | $ 40,819.28 |
|  |  |  |  |  |  |  |  |  |  |  |  | Total: | $ 72,295.64 | $ 72,295.64 |

1. This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2. Plaintiffs reserve the right to correct or amend this chart.
3. This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

Privileged Settlement Communication

Subject to Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Johnny Fernandez | 3/1/2017 | 5/31/2017 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 614.43 | $ - | $ - | $ 16,828.43 |
| | 6/1/2017 | 12/30/2017 | $ 1,980.00 | $ 1,980.00 | | | $ 904.43 | $ 317.11 | | $ 16,475.93 |
| | 12/31/2017 | 12/30/2018 | $ 4,056.00 | $ 4,056.00 | | | $ 1,683.71 | $ 360.56 | | $ 48,037.23 |
| | 12/31/2018 | 2/15/2019 | $ 630.00 | $ 630.00 | | | $ 144.08 | $ 24.00 | | $ 8,991.45 |
| | | | $ 6,666.00 | $ 6,666.00 | $ 5,000.00 | $ 5,000.00 | $ 3,346.65 | $ 701.67 | $ - | $ 90,333.04 |
| | | | | | | | | | | |
| Rescalvo Mercenario (a/k/a Ricardo) | 4/1/2013 | 12/30/2013 | $ 1,696.50 | $ 1,696.50 | $ 5,000.00 | $ 5,000.00 | $ 2,745.19 | $ 895.62 | $ - | $ 27,433.81 |
| | 12/31/2013 | 7/31/2014 | $ 1,440.00 | $ 1,440.00 | | | $ 2,027.48 | $ 673.75 | | $ 14,247.90 |
| | 9/1/2016 | 12/30/2016 | $ 918.00 | $ 918.00 | | | $ 631.53 | $ 219.23 | | $ 7,975.65 |
| | 12/31/2016 | 10/27/2017 | $ 2,838.00 | $ 2,838.00 | | | $ 2,152.51 | $ 530.10 | | $ 31,406.61 |
| | 10/28/2017 | 12/30/2017 | $ 594.00 | $ 594.00 | | | $ 320.93 | $ 84.22 | | $ 6,120.15 |
| | 12/31/2017 | 12/30/2018 | $ 4,056.00 | $ 4,056.00 | | | $ 1,037.76 | $ 360.56 | | $ 32,858.31 |
| | 12/31/2018 | 2/26/2019 | $ 720.00 | $ 720.00 | | | $ 116.85 | $ 26.46 | | $ 7,943.30 |
| | | | $ 12,262.50 | $ 12,262.50 | $ 5,000.00 | $ 5,000.00 | $ 9,032.25 | $ 2,789.93 | $ - | $ 127,985.73 |
| | | | | | | | | | | |
| | | | $ 18,928.50 | $ 18,928.50 | $ 10,000.00 | $ 10,000.00 | $ 12,378.90 | $ 3,491.59 | $ - | $ 218,318.77 |

| Filing Date | 4/19/2019 |
|---|---|
| FLSA | 4/19/2015 |
| NYLL | 4/19/2012 |
| Amendment | 4/9/2011 |
| Today | 6/26/2019 |